**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LIFE INSURANCE COMPANY OF NORTH AMERICA,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) Case No. 08-CV-2129 KHV |
| **MOZELLA M. JENKINS-DYER, as next friend of I.N.J.-D. , and** | ) ) ) ) |
| **ANITA L. WOOD a/k/a ANITA L. DRAYTON WOOD a/k/a ANITA L. DRAYTON,** | ) ) ) ) |
| **Defendants.** | ) ) |

**Order**

On August 1, 2008, the Court ordered plaintiff Life Insurance Company of North America ("LINA") to show good cause why the Court should not dismiss the claims against defendant Anita Wood for lack of prosecution under Rule 41, Fed. R. Civ. P. See Doc. #8. This matter comes before the Court on Plaintiff's Response To Court's Notice And Order To Show Cause (Doc. #10) filed August 15, 2008. For reasons set forth below, the Court finds that defendant Wood should not be dismissed at this time.

On March 25, 2008, LINA filed a complaint under 28 U.S.C. §1335 seeking to interplead proceeds of an insurance policy on the life of Connington Wood. The complaint names as defendants Mozella M. Jenkins-Dyer and Anita Wood.[1] Jenkins-Dyer claims rights to the proceeds of the life insurance policy on behalf of her daughter, I.N.J.-D., who is the natural daughter of Mr. Wood. Anita

---

[1] LINA states that as a disinterested stakeholder it takes no position as to the propriety of the claim of any defendant.

Wood claims rights to the proceeds of the life insurance policy as Mr. Wood's wife at the time of his death. On April 7, 2008, Jenkins-Dyer filed an answer. See Doc. #2. On April 16, 2008, LINA filed with the Court a return of service on Anita Woods. See Doc. #4. Woods has not filed a responsive pleading. On August 1, 2008, the Court ordered LINA to show good cause why the Court should not dismiss its claims against Wood for lack of prosecution.

In response, LINA asserts that dismissal of Wood under Rule 41 is not appropriate in this interpleader action. An interpleader case usually proceeds in two stages. See United States v. High Tech. Prods. Inc., 497 F.3d 637, 641 (6th Cir. 2007) (citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed. 2001)). In the first stage, the Court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability and whether equitable concerns prevent the use of interpleader. Id . Typically, during the first stage, plaintiff files an interpleader motion seeking to deposit the funds with the Court and asking the Court to dismiss plaintiff. In the second stage, the Court determines the respective rights of the claimants through normal litigation processes. Id.

LINA explains that it has not yet filed an interpleader motion because of unique circumstances in this case, as follow. On March 31, 2008, in a related case before this Court, Jenkins-Dyer filed a motion to remand. See Jenkins-Dyer v. Exxon Mobil Corp., Case No. 08-CV-2095-KHV. LINA anticipated that if the Court did not remand that case, it would consolidate the two related cases. LINA thus waited for a ruling on the motion to remand before filing an interpleader motion. On July 24, 2008, this Court remanded the related case to the District Court of Wyandotte County, Kansas. See Jenkins-Dyer v. Exxon Mobil Corp., Case No. 08-CV-2095-KHV, 2008 WL 2858983, at *1 (D. Kan.

July 24, 2008). That same day, LINA learned of an additional individual (Daisy Wood, the deceased's mother) who claims rights to the proceeds of the insurance policy. LINA therefore filed a motion to amend the complaint to add a party. See Doc. #9, filed August 15, 2008. On September 2, 2008, Magistrate Judge David J. Waxse sustained the motion to amend. On September 3, 2008, LINA filed an amended complaint.

For substantially the reasons set forth in plaintiff's response, the Court finds that LINA has shown good cause why the Court should not dismiss Anita Wood under Rule 41, Fed. R. Civ. P. at this time.[2]

**IT IS SO ORDERED**.

Dated this 16th day of September, 2008 at Kansas City, Kansas.

s/ Kathyrn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[2] It appears that dismissal of a case under Rule 41, Fed. R. Civ. P., against an interpleader defendant for failing to answer is not proper. See Ecclesiastes 9:10-11-12, Inc.v. LMH Holding Co., 497 F.3d 1135, 1143 (10th Cir. 2007) (discussing standard for involuntary dismissal under Rule 41 for failure to prosecute); Cf. Amoco Prod. Co. v. Aspen Group, 59 F. Supp.2d 1112, 1114 (D. Colo. 1999); (granting default judgment under Rule 55 when party failed to plead in response to interpleader complaint.)