## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LIFE INSURANCE COMPANY OF        )
NORTH AMERICA,                   )
                                 )
                 **Plaintiff,**  )
                                 )
v.                               )        **Case No. 08-CV-2129 KHV**
                                 )
MOZELLA M. JENKINS-DYER,         )
as next friend of I.N.J.-D., et al., )
                                 )
                                 )
                                 )
                 **Defendants.** )
_____)

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

This matter comes before the Court on Defendant Mozella M. Jenkins-Dyer's Motion For Default Judgment Against Defendant Anita L. Wood a/k/a Anita L. Drayton (Doc. #20) filed November 17, 2008, which the Court construes as a motion for entry of default. Also before the Court is Plaintiff's Unopposed Motion For Discharge And For Entry Of Permanent Injunction And Memorandum In Support (Doc. #25) filed December 29, 2008. For reasons set forth below, the Court finds that the motions should be sustained.

## Procedural History

On March 25, 2008, Life Insurance Company of North America ("LINA") filed a complaint under 28 U.S.C. §1335 seeking to interplead proceeds of an insurance policy on the life of Connington L. Wood. The original complaint named as defendants Mozella M. Jenkins-Dyer, a resident of Kansas, and Anita L. Wood, a resident of Washington, D.C. The complaint stated that Ms. Jenkins-Dyer claimed rights to the insurance proceeds on behalf of her daughter, I.N.J.-D., who is the natural daughter of Mr. Wood, and that Ms. Wood claimed rights to the proceeds as Mr. Wood's wife at the time of his death.

On April 7, 2008, Ms. Jenkins-Dyer filed an answer.  See Doc. #2.  On April 16, 2008, LINA filed a return of service which indicates that LINA mailed Ms. Wood a copy of the summons and complaint by United States Postal Service certified mail to 1340 Girard Street NW, Washington, D.C.  See Doc. #4.  On April 12, 2008, Ms. Wood personally signed for the certified mail, but she did not file a responsive pleading or otherwise appear in the case.

On September 3, 2008, LINA filed an amended complaint which added as a potential claimant Cynthia Barnes, a Texas resident and personal representative of the Estate of Connington Wood.  On September 8, 2008, Ms. Jenkins-Dyer filed an answer to the amended complaint which set forth a cross-claim against Ms. Wood and Ms. Barnes.  See Doc. #14.  In her cross-claim Ms. Jenkins-Dyer asserts that Ms. Wood and Ms. Barnes are not entitled to the insurance proceeds, and asks the Court to order the insurance proceeds paid to her as mother and natural guardian of I.N.J.-D.  See id. at 8.

On September 25, 2008, Ms. Barnes filed a motion to dismiss for lack of personal jurisdiction (Doc. #17).  On November 25, 2008, she filed a notice of withdrawal of the motion to dismiss (Doc. #22).

On December 18, 2008, the Court ordered LINA to pay into the court registry the policy death benefits.  See Doc. #24.  LINA did so that same day.

### **Analysis**

The Federal Interpleader Act, 28 U.S.C. §§ 1335 et seq., permits a stakeholder to bring an interpleader action when it may be exposed to multiple liability.[1]  An interpleader case usually proceeds

---

[1]   The statute prevents a "race to judgment" in which one claimant obtains a judgment or negotiates a settlement and then appropriates all or a disproportionate slice of the limited fund before his fellow claimants are able to establish their claims.  State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 533 (1967); see also Gen. Atomic Co. v. Duke Power Co., 553 F.2d 53, 57 (10th Cir. (continued...)

in two stages.  See United States v. High Tech. Prods. Inc., 497 F.3d 637, 641 (6th Cir. 2007) (citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed. 2001)).   In the first stage, the Court determines whether the stakeholder has properly invoked interpleader under Section 1335, and whether to discharge plaintiff from liability under Section 2361. Id.  In the second stage, the Court determines the respective rights of the claimants through normal litigation processes.  Id.

## I.      Plaintiff's Motion For Discharge And Permanent Injunction

Plaintiff asserts that it meets the requirements for interpleader under Section 1335 and seeks to conclude the first stage of litigation.  Specifically, plaintiff asks the Court to discharge it from liability and issue a permanent injunction which restrains defendants from initiating actions to recover the fund.

Section 1335 provides in relevant part as follows:

> The district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any . . . corporation, . . . having in . . . its custody or possession money or property of the value of $500 or more, or having issued a . . . policy of insurance . . . of value or amount of $500 or more, . . . if  (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits . . . and if (2) the plaintiff has deposited such money . . . into the registry of the court . . .

28 U.S.C. § 1335(a).  Section 1335 sets forth three requirements for an interpleader action: (1) an amount in controversy over $500; (2) two or more adverse claimants of diverse citizenship who claim or may claim rights to the money or property; and (3) the deposit of the money or property into the registry of the Court.  In light of the facts set forth above, plaintiff has met the requirements:  the amount in controversy ($48,192.00 in insurance proceeds) exceeds $500; the three adverse claimants are

---

[1](...continued)

1977) (statute allows court to administer conflicting claims of several litigants to limited property).

residents of Kansas, Washington, D.C. and Texas, and thus are of diverse citizenship; and plaintiff has deposited the insurance proceeds with the Court.

28 U.S.C. § 2361, which governs the relief available under the Federal Interpleader Act, provides in pertinent part as follows:

> In any civil action of interpleader . . . under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court . . . .
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.  Under Section 2361, LINA seeks a permanent injunction "restraining the defendants from initiating or prosecuting actions regarding the Policy or its proceeds." Doc. #25 at 4.  LINA also seeks an order discharging it from further liability "with regard to the [p]olicy and the proceeds thereof." Id.

Where an insurance company is a mere stakeholder and can contribute nothing toward resolution of the issues between the other parties, its interpleader action is properly filed, and no genuine issue exists as to its rights and liabilities, it should be discharged from liability arising out of or based on the policy involved, except to pay the proceeds of such policy to the party or parties ultimately adjudged to be entitled thereto.  Am. Home Life Ins. Co. v. Barber, No. 4168-SAC, 2003 WL 21289986, at *2 (D. Kan. May 16, 2003) (citing Rosenberger v. NW.  Mut. Life Ins. Co., 176 F. Supp. 379, 385 (D. Kan. 1959), modified. 182 F.Supp. 633 (D. Kan. 1960)); see Nationwide Mut. Ins. Co. v. Eckman, 555 F.Supp. 775, 777 (D. D el. 1983); Francis I. du Pont & Co. v. Sheen, 324 F.2d 3, 5 (3d Cir. 1963) (when interpleader plaintiff pays amount of admitted debt into registry, court often relieves plaintiff of further

-4-

responsibility and permanently enjoins claimants from initiating action regarding property at issue).

By paying the proper amount in to the Court, LINA has admitted liability to pay the insurance proceeds to the proper beneficiary.  LINA claims no beneficial interest in the proceeds of the policy.  LINA is thus a disinterested stakeholder and the Court grants its request for an injunction and discharge from further liability to defendants.

## II.    Motion For Default Judgment

Ms. Jenkins-Dyer asks the Court to enter default judgment against Ms. Wood, citing Fed. R. Civ. P. 55(a).[2]  See Motion For Default Judgment (Doc. #20) at 3.  The procedural steps contemplated by the Federal Rules of Civil Procedure following defendant's failure to plead or defend begin with the entry of default by the clerk upon plaintiff's request.  Meehan v. Snow, 652 F.2d 274, 276 (2nd Cir. 1981); see Fed. R. Civ. P. 55(a).  Pursuant to Rule 55(c), defendant can then seek to set aside the default.  If defendant does not do so, or the court denies a motion to set aside the default, and if no hearing is

---

[2]    Rule 55, Fed. R. Civ. P. provides in relevant part as follows:

(a) Entering a Default.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) By the Clerk.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court.  In all other cases, the party must apply to the court for a default judgment.

needed to ascertain damages, the court may enter judgment by default, or, if defendant has not appeared, the clerk may enter default judgment.  Fed . R. Civ. P. 55(b); <u>Sheldon v. Khanal</u>, No. 07-2112-KHV, 2007 WL 2213540, at *2 (D. Kan. August 1, 2007) (citing <u>Williams v. Smithson</u>, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995)) (Rule 55 mandates that party first receive entry of default under Rule 55(a) and then apply for default judgment under Rule 55(b)).  Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b).

Because Ms. Jenkins-Dyer may not proceed directly to default judgment before receiving an entry of default, <u>Dewey v. City of Topeka</u>, No. 97-4037-SAC, 1997 WL 833300, at *3 (D. Kan. Dec. 18, 1997), the Court construes her motion as one for entry of default rather than default judgment.

Interpleader defendants can utilize Rule 55 when other parties fail to defend.  <u>See</u> <u>Amoco Prod. Co. v. Aspen Group</u>, 59 F. Supp.2d 1112, 1116 (D. Colo. 1999).  The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted.  <u>Gulf Coast Galvanizing, Inc. v. Steel Sales Co.</u>, 826 F.Supp. 197, 203 (S.D. Miss. 1993); <u>see also</u> <u>Nationwide Mut. Fire Ins. Co. v. Eason</u>, 736 F.2d 130, 133 n. 4 (4th Cir. 1984) (if all but one named interpleader defendant default, remaining defendant entitled to fund); <u>New York Life Ins. Co. v. Conn. Dev. Auth.</u>, 700 F.2d 91, 95 n. 6 (2d Cir. 1983) (default of interpleader defendants eliminates need for judicial determination of answering defendant's entitlement to stake).  This application of Rule 55 protects the stakeholder and claimant while removing parties who have no interest in the litigation.  <u>See</u> <u>Valley Forge Life Ins. Co. v. Rockmore</u>, No. 7:07-CV-63, 2008 WL 1805450, at *1-2 (M.D. Ga. Apr. 18, 2008) (granting interpleader defendant's motion for default judgment against two defaulting interpleader defendants).

The party seeking entry of default must show that the party against whom default is sought has

been properly served.[3]   <u>Peterson v. Carbon County</u>, 156 F.3d 1244 (Table), 1998 WL 458555, at *4 (10th Cir. Aug. 6, 1998) (because party has no duty to plead until properly served, sufficient service of process is prerequisite to entry of default); <u>Everetson v. Topeka Ass'n. For Retarded Citizens</u>, No. 05-4046-SAC, 2005 WL 2988716, at *1 (D. Kan. Oct. 11, 2005) (questions whether service was proper preclude entry of default).   Rule 4(e) governs service of process on individuals, and it provides in relevant part as follows:

> Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . .

LINA filed this suit in the United States District Court For the District of Kansas.   Kansas law permits service on an out-of-state individual by return receipt delivery, which includes "certified mail, priority mail, commercial courier service, overnight delivery service, or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, date of delivery, address where delivered, and person or entity effecting delivery."   K.S.A. § 60-308(d)(1).   Such service must be addressed to the individual at his or her dwelling house or usual place of abode, or to his or her authorized agent.   <u>See</u> K.S.A. § 60-308(d)(2) (referencing K.S.A. § 60-304).

Here, the certified mail return reflects delivery to Ms. Wood personally on April 12, 2008.   <u>See</u>

---

[3]        As noted, Ms. Jenkins-Dyer has asserted a cross claim against Ms. Wood.   The record, however, does not reflect that Ms. Jenkins-Dyer served Ms. Wood with the answer which sets out her cross claim.   Therefore the Court does not rely on the cross claim in analyzing whether Ms. Jenkins-Dyer is entitled to entry of default.

Doc. #4; Certified Mail Return.  In addition, the record indicates that the Postal Service delivered the

mail to Ms. Wood's dwelling place in compliance with Section 60-308(d)(2).  See Complaint (Doc. # 1)

filed March 14, 2007 ¶ 3 (identifying Wood as resident of 1340 Girard Street NW, Washington, D.C.).

In these circumstances, the Court finds that service on Ms. Wood is sufficient to permit entry of default.

Because Wood has failed to appear in this action, and has not contested service or opposed Jenkins-

Dyer's motion for entry of default, the Court finds that entry of default against Wood is appropriate.[4]

**IT IS THEREFORE ORDERED THAT** Defendant Mozella M. Jenkins-Dyer's Motion For

Default Judgment Against Defendant Anita L. Wood a/k/a Anita L. Drayton (Doc. #20) filed November

17, 2008, which the Court construes as a motion for entry of default, be and hereby is **SUSTAINED**.

**The Clerk is directed to enter default against Anita L. Wood on plaintiff's interpleader complaint**.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion For Discharge And For Entry

Of Permanent Injunction And Memorandum In Support (Doc. #25) filed December 29, 2008, be and

hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED** that defendants Mozilla M. Jenkins-Dyer, as next friend of

I.N.J.-D.; Anita L. Wood, a/k/a/ Anita L. Drayton Wood a/k/a/ Anita L. Drayton; and Cynthia Barnes,

as representative of the Estate of Connington L. Wood be and hereby are **enjoined from instituting or**

**prosecuting any other actions to recover the funds.**

**IT IS FURTHER ORDERED** that Life Insurance Company of North America is

---

[4]     If reduced to judgment, the entry of default against Ms. Wood means that she will forfeit any claim to the insurance proceeds, whether against plaintiff or her interpleader co-defendants.  The entry of default against Ms. Wood does not address the relative rights of Ms. Jenkins-Dyer and Ms. Barnes.  The Court notes that Ms. Barnes has withdrawn her motion to dismiss and has not filed a responsive pleading, and thus appears to be in default.  No party, however, has asked for entry of default as to Ms. Barnes.

**DISCHARGED** from any further liability with regard to the proceeds of the life insurance policy in question.

IT IS FURTHER ORDERED that Life Insurance Company of North America be and hereby is **DISMISSED** from this case with prejudice.

IT IS FURTHER ORDERED that **on or before February 18, 2009,** Cynthia Barnes, as representative of the Estate of Connington L. Wood, shall show good cause in writing why the Court should not direct the Clerk to enter default against her on plaintiff's interpleader complaint and on Mozella Jenkins-Dyer's cross-claim against her.

Dated this 6th day of February, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge