**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LIFE INSURANCE COMPANY OF NORTH AMERICA,** ) ) ) | |
| **Plaintiff,** ) ) ) | CIVIL ACTION |
| v. ) ) | Case No. 08-CV-2129 KHV |
| **MOZELLA M. JENKINS-DYER,** as next friend of I.N.J.-D., et al., ) ) ) ) ) ) | |
| **Defendants.** ) ) | |

## ORDER

On February 6, 2009, the Court ordered defendant Cynthia Barnes, personal representative of the Estate of Connington Wood, to show good cause in writing on or before February 18, 2009, why the Court should not direct the Clerk to enter default against her on plaintiff's interpleader complaint and on the cross-claim of Mozella Jenkins-Dyer against her. See Doc. #26. Ms. Barnes has not responded, and the Court therefore directs the Clerk to enter default against Ms. Barnes. This matter also comes before the Court on Defendant Mozella M. Jenkins-Dyer's Motion For Default Judgment Against Defendant Cynthia Barnes (Doc. #28) filed March 24, 2009 which Ms. Barnes has not opposed. For reasons set forth below, the Court finds that the motion should be sustained.

On March 25, 2008, Life Insurance Company of North America ("LINA") filed a complaint under 28 U.S.C. § 1335 seeking to interplead proceeds of an insurance policy on the life of Connington L. Wood. The original complaint named as defendants Mozella M. Jenkins-Dyer, a resident of Kansas, and Anita L. Wood, a resident of Washington, D.C. The complaint stated that Ms. Jenkins-Dyer claimed

rights to the insurance proceeds on behalf of her daughter, I.N.J.-D., who is the natural daughter of Mr. Wood, and that Ms. Wood claimed rights to the proceeds as Mr. Wood's wife at the time of his death.

On September 3, 2008, LINA filed an amended complaint which added as a potential claimant Cynthia Barnes, a Texas resident and personal representative of the Estate of Connington Wood. On September 8, 2008, Ms. Jenkins-Dyer filed an answer to the amended complaint which set forth a cross-claim against Ms. Wood and Ms. Barnes. See Doc. #14. In her cross-claim Ms. Jenkins-Dyer asserted that Ms. Wood and Ms. Barnes are not entitled to the insurance proceeds, and asked the Court to order the insurance proceeds paid to her as mother and natural guardian of I.N.J.-D. See id. at 8.

On September 25, 2008, Ms. Barnes filed a motion to dismiss for lack of personal jurisdiction (Doc. #17). On November 25, 2008, she filed a notice of withdrawal of the motion to dismiss (Doc. #22). As noted, on February 6, 2009, the Court ordered Ms. Barnes to show good cause in writing on or before February 18, 2009, why the Court should not direct the Clerk to enter default against her on plaintiff's interpleader complaint and on Mozella Jenkins-Dyer's cross-claim against her. See Doc. #26.[1] Ms. Barnes did not respond to the Court's order to show cause and did not contest service. The Court therefore finds that entry of default against her is appropriate.

In her motion, Ms. Jenkins-Dyer asks the Court to enter default judgment against Ms. Barnes. Under Rule 55(b), Fed.R.Civ.P., the Court may enter judgment by default upon application after entry of default. Interpleader defendants can utilize Rule 55 when other parties fail to defend. See Amoco Prod. Co. v. Aspen Group, 59 F. Supp.2d 1112, 1116 (D. Colo. 1999). The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed

---

[1] On February 6, 2009, the Court also sustained plaintiff's motion to discharge it from liability and directed the clerk to enter default against Ms. Wood. See Doc. #26.

as forfeiting any claim of entitlement that might have been asserted. Gulf Coast Galvanizing, Inc. v. Steel Sales Co., 826 F.Supp. 197, 203 (S.D. Miss. 1993); see also Nationwide Mut. Fire Ins. Co. v. Eason, 736 F.2d 130, 133 n. 4 (4th Cir. 1984) (if all but one named interpleader defendant default, remaining defendant entitled to fund); New York Life Ins. Co. v. Conn. Dev. Auth., 700 F.2d 91, 95 n. 6 (2d Cir. 1983) (default of interpleader defendants eliminates need for judicial determination of answering defendant's entitlement to stake).  This application of Rule 55 protects the stakeholder and claimant while removing parties who have no interest in the litigation.  See Valley Forge Life Ins. Co. v. Rockmore, No. 7:07-CV-63, 2008 WL 1805450, at *1-2 (M.D. Ga. Apr. 18, 2008) (granting interpleader defendant's motion for default judgment against two defaulting interpleader defendants).

The Court may enter default judgment without a hearing unless "it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter." Fed. R. Civ. P . 55(b)(2); see also Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 148 (10th Cir. 1985) (where claimed damages capable of mathematical calculation, court may enter default judgment without hearing). Here, Ms. Jenkins-Dyer does not seek damages against Ms. Barnes, but rather asks the Court to declare that she is not entitled to the interpleaded insurance proceeds. Under Rule 55(b), therefore, no hearing is required.

**IT IS THEREFORE ORDERED** that the Clerk is directed to enter default against Cynthia Barnes as personal representative of the Estate of Connington Wood on plaintiff's interpleader complaint and on Mozella Jenkins-Dyer's cross-claim against her.

**IT IS FURTHER ORDERED** that Defendant Mozella M. Jenkins-Dyer's Motion For Default Judgment Against Defendant Cynthia Barnes (Doc. #28) filed March 24, 2009 be and hereby is **SUSTAINED**. The Clerk is directed to enter judgment by default against Cynthia Barnes as

representative of the Estate of Connington Wood, thereby removing Ms. Barnes as a potential claimant/stakeholder in the funds interpleaded by plaintiff.

Dated this 29th day of May, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
